# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ROBERT FREDERICK TAYLOR,

                     :

        Petitioner,                  Case No. 3:09-cv-283

                     :

    -vs-                       Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                     :

        Respondent.

---

## DECISION AND ORDER

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action.

Petitioner's operative pleading is the second Amended Petition (Doc. No. 8). On the Court's Order, Respondent filed a Return of Writ (Doc. No. 15) and Petitioner has filed a Reply (Doc. No. 16).

The parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case was referred on that basis (Doc. No. 12).

Petitioner pleads the following grounds for relief:

> **GROUND NO. 1:** Abuse of authority, Counts 4-11 of my conviction the resentencing and addition of post-release control.
>
> **Supporting Facts:** My check (1-3 Counts) cleared the bank, which I signed and encircled my initial. The witness from National City Bank testified to that. As far as (4-11) I had nothing to do with that. Never questioned my signature. Can I get a hand writing test? That

will prove my innocence. Post release control was never part of my sentence on February 11, 2002.

**GROUND NO. 2**: There were no records of my offense.

**Supporting Facts:** Tewell and I were a couple, owning "Ohio Community Reinvestment Partner's" under "Tewell Simone Dowdell Investments, LLP, Inc. We are the sole owners under the State of Ohio incorporations. We paid ($175,000) for the shop and properties at 1517-1519 and 1609 N. Main St. We had excellent credit at Bank One. We close on May 18, 2001, and I was charged with this unauthorized signature in August or September 2001, although I was placed in Montgomery county jail on August 8, 2001.

**GROUND NO. 3:** Counts (4-11) there was never a test of my handwriting.

**Supporting Facts:** There was never a test of my hand-writing to support the signatures. Also to forgery (without authority), #3, #4 Theft by deception($500) and #5, #6 forgery without authority, $5,000, (7-11) forgery uttering ($5,000).

**GROUND NO. 4:** How can one check as in Counts (1-2-3) not be seen as abuse. One check with three charges.

**Supporting Facts:** The same as ground two. One check with 3 charges and combined sentences. Plus, the check cleared the bank on May 18 or 21, 2001 the day before the closing or the money was paid to the sellers.  I was charged in August or September 2001 with Counts (1-3) only.

(Second Amended Petition, Doc. No. 8, as quoted in Return at 6-7.)


### Statute of Limitations


With respect to part of Ground One and Grounds Two, Three, and Four, Respondent asserts

that they are barred by the one-year statute of limitations enacted by Congress as part of the

Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the

"AEDPA"). Respondent's analysis of when the conviction became final and therefore when the statute ran is in accordance with law and need not be repeated here.

Petitioner's Reply acknowledges the statute of limitations argument and essentially says that the Attorney General should look past the time bar and allow the truth to be examined. However, the law is clear that the State has the right to insist on the statute of limitations as a defense and when they do so, the Court cannot ignore the statute.

## Ground One

In the portion of Ground One which is not time barred, Petitioner complains about his re-sentencing in 2008. From the record it appears that what happened is when Petitioner was originally sentenced in 2002, Judge Langer advised him that he could be subject to post-release control. Then some change in Ohio law made it necessary to make that advice more specific and that is why the re-sentencing occurred.

There is nothing about the re-sentencing which violated the United States Constitution. The law in Ohio provided for post-release control in 2002 and a sentencing entry with that possibility was filed at the time. Nothing about the need to make the amount of time on post-release control, already definite in the Ohio statues, more definite in the sentencing entry implicates the United States Constitution in any way.

**Conclusion**


All claims for relief in the Second Amended Petition are time-barred or fail to state a claim upon which relief can be granted under 28 U.S.C. § 2254. Accordingly, this case will be dismissed with prejudice and the Clerk will enter judgment to that effect.

January 14, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge